# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| RICARDO MARTINEZ, | ) Case No.: 1:19-cv-00812-SAB (PC) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| J. LEWIS, et al., | ) |
| Defendants. | ) FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| | ) [ECF No. 19] |

Plaintiff Ricardo Martinez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed September 30, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Ashcroft v. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Serv., 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the second amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On August 7, 2011, Plaintiff experienced an assault and battery by officer Connor, which caused injuries to his spinal cord.

On November 3, 2015, Plaintiff experienced an assault and battery by twenty-seven guards and was hospitalized for twelve days.

On May 22, 2018, Officers D. Dozer and S. Furlong conducted an aggressive pat down search of Plaintiff. Plaintiff advised both Dozer and Furlong to be easy on Plaintiff's spinal cord lesions and tumors of the spine, but they replied that they did not give a "fuck" about his medical conditions.

While Dozer "aggressively" searched Plaintiff, Furlong grabbed Plaintiff's left arm then applied a lot of pressure on the left side of his neck, which increased the pain of Plaintiff's lesions and tumors.

On June 4, 2018, at approximately 10:30 a.m., Plaintiff was called to the yard by medical staff, and officer D. Dozer approached Plaintiff and conducted an aggressive and roughshod pat down search of Plaintiff while he was in his wheelchair. Dozer raised Plaintiff's legs and grabbed the left side of his neck, grabbed his left arm, and bent and twisted his right arm. The search worsened Plaintiff's lesions and tumors on his spinal cord.

On July 2, 2018, Plaintiff experienced a brutal force pat down search.

On July 8, 2018, Plaintiff experienced a brutal pat down search.

On July 14, 2018, "Plaintiff, experience an assault by a person motivated solely by the pay, take away legal books and destroy eyeglasses." On this same date, at approximately "7:45 am guard S. Furlong, manage a person motivated solely by the pay."

On "July 21, 2019, Plaintiff, experience an assault by a person motivated solely by the pay." On this same date, at approximately "8:15 am, Warden C. Pfeiffer, did hire a person motivated solely by the pay[,]" and "guard Herrera, did manage a person motivated solely by the pay."

On March 28, 2019, at approximately 1:10 a.m., primary care physician, Dr. Andrew Zepp, assaulted Plaintiff.

On April 24, 2019, Plaintiff's legal mail was confiscated.

### III.
### DISCUSSION

**A.    Excessive Force**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan v. Morgensen, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate

penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan v. Morgensen, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes v. Chapman, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d at 1045; Johnson v. Lewis, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to set forth all of the factual circumstances surrounding the alleged use of excessive force. Although Plaintiff contends that Defendants stated they did not give a "fuck" about his medical condition, Plaintiff's allegations fail to demonstrate that Defendants used force maliciously and sadistically to cause Plaintiff harm, rather than in a good-faith effort to conduct a search of Plaintiff. Indeed, Plaintiff does not provide what if any reasons were given by Defendants for their actions, whether Defendants engaged in other conduct prior to the alleged use of excessive force, how much force was specifically used, or why Plaintiff believes the amount of force was excessive in light of the alleged search. The facts as alleged fail to give rise to a plausible inference that the actions of Defendants were malicious and sadistic for the purpose of causing harm to Plaintiff. Accordingly, Plaintiff fails to state a cognizable excessive force claim.

**B.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

4

chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014). Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). In addition, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Although Plaintiff contends Defendants action were done in retaliation, he fails to set forth any factual allegations to support a claim of retaliation because of protected conduct.

**C.     Confiscation of Property**

Plaintiff contends an officer took "away" his legal book and materials, and confiscated

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that his legal books and materials were taken away, is based on an unauthorized deprivation, which is not actionable under the Fourteenth Amendment. Because Plaintiff's claim reflects a random and unauthorized deprivation of property, it is not cognizable under section 1983. Plaintiff's property claim may be actionable under state law, but such a claim must be

brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895). Accordingly, Plaintiff fails to state a cognizable due process claim.

**D.     Confiscation of Mail**

Plaintiff's now raises a new claim that on April 24, 2019, his legal mail was confiscated. However, Plaintiff's vague and conclusory allegation fails to give rise to a cognizable claim for relief.

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. See Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. Mangiaracina v. Penzone, 849 F.3d 1191, 1195 (9th Cir. 2017).

Assuming Plaintiff's mail was indeed legal mail, Plaintiff has not alleged that this incident was anything more than an isolated unintentional mail interference, which is insufficient to give rise to a constitutional violation. Lingo v. Boone, 402 F.Supp. 768, 773 (N.D. Cal. 1975) ("The conduct complained of involved a single, isolated instance of mail censorship."); Davis v. Good, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); Witherow v. Paff, 52 F.3d 264, 266 (First Amendment not violated where prisoner's mail regulation related to a legitimate penological interest); Watkins v. Curry, No. C 10-2539 SI (pr), 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) ("Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983). Accordingly, Plaintiff claims fails because an isolated incident of mail confiscation, without improper motive, does not rise to the level of a constitutional violation. Lingo v. Boone, 402 F.Supp. at 773; Smith v. Maschner, 899 F.2d at 944.

6

# IV.

# CONCLUSION AND RECOMMENDATION

Plaintiff's third amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's amended complaint is largely identical to the prior three complaints. Based upon the allegations in Plaintiff's complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile"); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (a party's failure to cure factual deficiencies on amendment is "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile"). Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

///
///
///
///
///
///

Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 7, 2019**

UNITED STATES MAGISTRATE JUDGE